OPINION
Kenneth Paul Farler, Jr. appeals from a judgment of the Montgomery County Court of Common Pleas, which found him to be a sexual predator.
In 1990, Farler was found guilty of five counts of rape, one count of kidnapping, and one count of robbery in connection with an attack on a woman that he had just met, and he received a lengthy sentence. On October 13, 2000, the trial court conducted a hearing and determined that Farler should be classified as a sexual predator. Farler appeals from this determination, raising two assignments of error.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT FARLER IS A SEX PREDATOR WHEN THE EVIDENCE ADDUCED IS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT SUCH A FINDING.
Farler argues that the trial court erred when it weighed the factors set forth at R.C. 2950.09(B)(2) and concluded that he was a sexual predator. Specifically, he cites his age and his lack of a prior history of sexual or violent offenses as significant factors weighing against his classification as a sexual predator.
R.C. 2950.09(B)(2) directs the trial court to consider all relevant factors, including the following enumerated factors, in determining whether a defendant who has been convicted of a sexually oriented offense should be designated as a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Farler argues that his age weighed against classifying him as a sexual predator because the forensic psychologist's report stated that offenders under the age of thirty tend to have a higher likelihood of recidivism. Farler was thirty-five at the time of the sexual predator hearing. He also argues that the lack of any other sexual or violent offenses in his record compelled the conclusion that he was not a sexual predator.
Based upon our review of the record, there was sufficient evidence to support the trial court's determination. Although it is true that Farler had no other sexual offenses on his record, he had been convicted of numerous other offenses such as grand theft, public intoxication, receiving stolen property, and criminal damaging. The trial court was permitted to consider these other offenses pursuant to R.C.2950.09(B)(2)(a). Moreover, the psychologist who evaluated Farler prior to the hearing stated that his criminal history was "a very effective predictor of future offending." Farler also had a lengthy disciplinary record in prison, and much of the discipline was related to substance abuse. In fact, Farler's substance abuse problems resulted in his termination from a program for sexual offenders, and Farler had been drinking at the time of the offense in question.
The nature of the sexual conduct was also entitled to significant weight. Although, as Farler points out, there was only one victim and she was an adult, the trial court was entitled to consider the grisly nature of the attack. The victim was gang raped by four men, including Farler, during most of which time she was being raped by two men simultaneously, and Farler had lured the victim into the group. The trial court could have reasonably found that this was an especially cruel form of the offense. Further, the psychologist reported that she would categorize being raped "sequentially" by multiple men as forceful (even in the absence of a weapon) and cruel and that, among rapists using force and cruelty, the likelihood of recidivism is higher. The psychologist further stated that Farler did not take full responsibility for his actions but instead "put some of the responsibility on the victim herself and some on his friends." The psychologist also reported on the results of two risk assessment instruments that she had used in her evaluation. The assessments indicated that there was a sixty-four percent likelihood that Farler would commit another violent offense within ten years of his release from prison and an eighty percent likelihood that he would commit another sex offense in the same period of time. She indicated that his judgment was immature, self-centered, and impulsive. Finally, the psychologist indicated that, in her opinion, Farler's risk of recidivism was "higher."
Based on the evidence presented, the trial court could have concluded that the state had shown by clear and convincing evidence that Farler was likely to reoffend. This determination was not against the manifest weight of the evidence. The first assignment of error is overruled.
 II. FARLER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL CALLED NO WITNESSES, STIPULATED TO STATE'S REPORTS, AND FAILED TO ARGUE APPROPRIATE LAW HEREIN.
Farler claims that he was denied the effective assistance of counsel at the hearing because his attorney did not subpoena the psychologist, inform the court of exculpatory factors, remind the court of the state's burden of proof, or challenge the authenticity of the state's exhibits.
An attorney is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Strickland v. Washington (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 2064-2065. To reverse a judgment based on ineffective assistance of counsel, it must be demonstrated that counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the proceeding would have been different. Id., 466 U.S. at 687,104 S.Ct. at 2064. See, also, State v. Bradley (1989), 42 Ohio St.3d 136.
Farler concedes that his attorney's decision not to call the psychologist to testify at the hearing can be characterized as a strategic one. We agree. Decisions that can be characterized as reasonable strategic choices cannot, in hindsight, be characterized as ineffective assistance. Thus, this portion of Farler's argument is without merit. Farler's argument that counsel was ineffective in failing to present evidence about exculpatory factors and in failing to challenge the authenticity of the state's exhibits is also without merit. Farler has not specified any significant exculpatory factors about which evidence could have been presented or identified any legitimate basis upon which to challenge the state's exhibits. Finally, we are confident that the trial court was aware of the burden of proof; we will not presume that the attorney's failure to remind the court of the need for clear and convincing evidence affected the outcome of the proceeding. Accordingly, Farler has failed to demonstrate that he was denied the effective assistance of counsel.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.